# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WALDERMAR BARANOWSKI,**

    Plaintiff,

v.                                                                        Case No: 8:17-cv-301-T-27TGW

**GEICO GENERAL INSURANCE COMPANY,**

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Geico General Insurance Company's Motion to Dismiss with Prejudice (Dkt. 7) and Plaintiff's opposition (Dkt. 9). Upon consideration, Geico's motion (Dkt. 7) is GRANTED.

## Background

In this bad faith action, Plaintiff alleges that Geico, his automobile insurance carrier, failed to settle an underlying case against him and that as a result of Geico's bad faith handling of the claim, a jury returned a verdict against him. (Dkt. 1 ¶¶ 5-7). As a result of the verdict, a Second Amended Final Judgment and Final Judgment on Taxable Costs were entered against him on June 29, 2012. (*Id.* ¶¶ 10-11). This case was filed on February 7, 2017, more than four years after the Second Amended Final Judgment and Final Judgment on Taxable Costs were entered.

Geico moves to dismiss under Rule 12(b)(6), arguing that Plaintiff's bad faith claim is barred by the four year statute of limitations under Florida law. (Dkt. 7). Plaintiff counters that the statute of limitations is five years. (Dkt. 9).

1

**Standard**

A "dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). In this case, it is.

**Discussion**

Florida common law recognizes a cause of action for bad faith in the context of third-party actions where "'an insured sues his liability insurance company for bad faith in failing to settle a claim which ultimately results in a third-party judgment against him in excess of the policy limits.'"[1] *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 545 (Fla. 2012) (citations omitted). In *State Farm Mut. Auto. Ins. Co. v. Laforet*, the Florida Supreme Court reviewed the law relating to bad faith insurance claims. 658 So. 2d 55, 57 (Fla. 1995).

Relevant here, *Laforet* recognized that actions for breach of insurance contracts "were treated the same as any other breach of contract action," until liability insurance policies replaced traditional indemnity insurance policies and insurers undertook the obligation of defending their insureds. *Id.* In undertaking that obligation, insurers assumed a fiduciary relationship with their insureds.[2] *Id.* And "courts began to recognize that insurers 'owed a duty to their insureds to refrain from acting solely on the basis of their own interests in settlement.'" *Id.* at 58 (quoting Roger C. Henderson, *The Tort of Bad Faith in First-Party Insurance Transactions: Refining the Standard of Culpability and*

---

[1] Plaintiff's bad faith claim is not brought under Fla. Stat. § 624.155. Such a claim is "[a]n action founded on statutory liability" and is subject to a four year statute of limitations. Fla. Stat. § 95.11(3)(f); *see also Lopez v. Geico Cas. Co.*, 968 F. Supp. 2d 1202, 1206 (S.D. Fla. 2013).

[2] The cases Plaintiff relies on are not based on liability insurance policies. The distinction between a liability policy and indemnity policy is significant. *See Nationwide v. McNulty*, 229 So.2d 585 (Fla. 1970); *N. Am. Van Lines, Inc. v. Lexington Ins. Co.*, 678 So. 2d 1325, 1328-29 (Fla. 4th DCA 1996). A traditional indemnity policy requires the insured to undertake the defense of his or her claim and therefore does not place the insurer in a fiduciary relationship with its insured. *Perera v. U.S. Fid. & Guar. Co.*, 35 So. 3d 893, 899 (Fla. 2010); *State Farm*, 658 So. 2d at 57-8.

2

*Reformulating the Remedies by Statute*, 26 U.Mich.J.L.Ref. 1, 21 (Fall 1992)).[3] "[T]his duty became known as the 'exercise of good faith' or the 'avoidance of bad faith.'" *Id.* (quoting Henderson, *supra*, 26 U. Mich. J. L. Ref. at 22).[4] This "obligation amounts to a fiduciary duty requiring the exercise of good faith." *Doe on Behalf of Doe v. Allstate Ins. Co.*, 653 So. 2d 371, 373-74 (Fla. 1995); *see also Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 668 (Fla. 2004) (liability insurance carrier owed a fiduciary duty to act in insured's best interest in defending case).

The policy issued by Geico is attached as Exhibit A to the Complaint, and provides that Geico "will pay damages which an insured becomes legally obligated to pay" and "will defend any suit for damages payable under the terms of this policy." (Dkt. 1-1 at 17). The policy is therefore a liability policy, rather than an indemnity policy, placing Geico in a fiduciary relationship with its insured.

Plaintiff alleges that Geico acted in its own interests, disregarding Plaintiff's interests, while defending him (Dkt. 1 ¶ 19). Plaintiff's common law bad faith claim therefore arises from Geico's alleged breach of its fiduciary duty. *QBE Ins. Corp.*, 94 So. 3d at 545; *Berges*, 896 So. 2d at 668;

---

[3] The article relied on by the Florida Supreme Court similarly discusses the origin and development of the common law tort of bad faith and notes the distinction between an indemnity policy and a liability policy. Henderson, *supra*. This discussion is instructive. "Modern liability policies create a quite different relationship between the insurer and its insured. Under these contracts, the insurer not only agrees to defend the insured, but also agrees to pay any sums within the policy limits that the insured becomes legally obligated to pay as damages to a third-party claimant and to pay those sums directly to the third party." *Id.* at 20.

[4] The Florida Supreme Court described this duty:

> An insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business . . . . This good faith duty obligates the insurer to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same. The insurer must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so.

*Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783, 785 (Fla. 1980) (citations omitted).

*State Farm*, 658 So. 2d at 57; *Allstate Ins. Co.*, 653 So. 2d at 373-74. In Florida, a breach of fiduciary duty is considered a tort. *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002) ("'[a] fiduciary who commits a breach of his duty as a fiduciary is guilty of **tortious conduct** to the person for whom he should act . . . . [T]he liability is not dependent solely upon an agreement or contractual relation between the fiduciary and the beneficiary but results from the relation.'") (emphasis added, omissions in original), (quoting Restatement (Second) of Torts § 874 cmt. b (1979)).

Under Florida law, "[b]reach of fiduciary duty is an intentional tort subject to a four-year statute of limitations." *Woodward v. Woodward,* 192 So. 3d 528, 531 (Fla. 4th DCA 2016), *review dismissed*, No. SC16-1281, 2016 WL 5395722 (Fla. Sept. 27, 2016) (quoting *Patten v. Winderman*, 965 So.2d 1222, 1224 n. 1 (Fla. 4th DCA 2007) (citing § 95.11(3)(o), Fla. Stat. (2006); *Berg v. Wagner*, 935 So.2d 100, 102 (Fla. 4th DCA 2006))); *see also State Farm*, 658 So.2d at 58 ("the tort of bad faith occur[s] between an insurer and its insured").

A four year statute of limitations therefore applies to Plaintiff's common law bad faith claim. This action is barred by the statute of limitations, since it was brought more than four years after the underlying judgment was entered against Plaintiff, as is apparent from the face of the Complaint. Accordingly, Geico's Motion to Dismiss with Prejudice (Dkt. 7) is **GRANTED**. This case is **DISMISSED with prejudice**. The **CLERK** is directed to close the file.

**DONE AND ORDERED** this 17th day of April, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

4