UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WALDEMAR BARANOWSKI,**

    Plaintiff,

v.                                                                                                    Case No: 8:17-cv-301-T-27TGW

**GEICO GENERAL INSURANCE COMPANY,**

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Geico's Motion for Attorney's Fees and Motion for Appellate Attorney's Fees (Dkts. 97,126). Upon consideration, Geico's motions are **DENIED**.

This case history is outlined in the order granting summary judgment in Geico's favor. (Dkt. 93 at 1-6). In short, Baranowski and his passenger suffered injuries in a motor vehicle accident. Baranowski's policy with Geico included bodily injury liability coverage of $10,000 per person and $20,000 per occurrence. When presented with the passenger's medical bills, Geico tendered the policy limit of $10,000. The passenger rejected the tender because he had not received insurance information that had been requested and did not agree to Geico's proposed release. The passenger eventually obtained a $2,686,383.50 state court judgment against Baranowski. As a result, Baranowski filed suit against Geico asserting a Florida third-party bad faith claim.[1]

---

[1] The inquiry in a third-party bad faith action is "whether the insurer diligently, and with the same haste and precision as if it were in the insured's shoes, worked on the insured's behalf to avoid an excess judgment." *Harvey v. GEICO Gen. Ins. Co.*, 259 So. 3d 1, 7 (Fla. 2018); *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 545 (Fla. 2012). The issue "is whether, under all of the circumstances, the insurer could and should have settled the claim within the policy limits had it acted fairly and honestly toward its insured and with due regard for his interests." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 679 (Fla. 2004).

After Geico filed its summary judgment motion, it served Baranowski with a $1,000 proposal for settlement under section 768.79, Florida Statutes and Rule 1.442, Fla.R.Civ.P. (Dkt. 126 at 1-2).[2] After summary judgment was entered in its favor, Geico filed its motion for attorney's fees. (Dkts. 97, 120). After summary judgment was affirmed, Geico filed its motion for appellate attorney's fees. (Dkts. 123, 125, 126).

In support of its motions, Geico reasons that because judgment was entered in its favor and Baranowski rejected the proposal for settlement, it is entitled to attorney's fees. (Dkt. 126 at 2-3). Baranowski counters that Geico's "nominal" proposal for settlement was not made in good faith as required by section 768.79 and therefore Geico is not entitled to attorney's fees. (Dkt. 127 at 2; Dkt. 114 at 2-6).[3]

Federal courts resolving claims under Florida law can award attorney's fees to a prevailing party under section 768.79. *See Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008); *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011). However, even "[i]f a party is entitled to costs and fees pursuant to the provisions of this section,

---

[2] Section 768.79 provides:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability . . . .

Fla. Stat. § 768.79(1). And Rule 1.442 "provides procedural guidelines for making a proposal pursuant to Fla. Stat. § 768.79." *Primo v. State Farm Mut. Auto. Ins. Co.*, 661 F. App'x 661, 663 (11th Cir. 2016) (citations and brackets omitted).

[3] Baranowski does not dispute that the proposal for settlement otherwise complied with statutory requirements. He raised several objections to Geico's calculation of pre-appeal attorney's fees, but not the appellate attorney's fees. (Dkt. 114 at 6-10; Dkt. 127 at 3). Because Geico is not entitled to attorney's fees, it is unnecessary to resolve the contested issues.

2

the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees." Fla. Stat. § 768.79(7)(a). Notably,

> [o]ffers are not suspect merely because they are nominal. Offers, nominal or otherwise, must bear a reasonable relationship to the amount of damages or a realistic assessment of liability. The rule is that a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal.

*State Farm Mut. Auto. Ins. Co. v. Sharkey*, 928 So. 2d 1263, 1264 (Fla. 4th DCA 2006) (internal citations and quotation marks omitted).

Baranowski reasons that because Geico faced potential liability of $3,524,070.50 (the state court judgment plus interest), Geico's nominal $1,000 offer did not bear a "reasonable relationship to the amount of damages or a realistic assessment of liability." (Dkt. 114 at 4). While Geico acknowledges that the amount of its proposed settlement was "relatively small when compared to the underlying final judgment entered against [Baranowski]," it contends "the offer was commensurate with [its] good-faith and reasonable evaluation of the merits of [Baranowski's] claims and likelihood of success at the time the offer was made." (Dkt. 126 at 8). Geico contends that when it proposed settlement, "the parties had completed discovery and Geico had spent hundreds of hours analyzing [Baranowski's] allegations, reviewing documents, conducting depositions, and researching case law before determining its minimal exposure and calculating its offer." (Id. at 8-9; Dkt. 97 at 8). Notwithstanding, Geico does not explain its basis for determining that its exposure was "minimal."

Baranowski is correct that Geico's nominal proposal for settlement was not made in good faith because it did not bear a reasonable relationship to the amount of potential damages and was not a realistic assessment of liability. This was not a frivolous bad faith claim, and Geico faced a

3

significant potential exposure. Indeed, as noted by the undersigned, the case presented a "close call." (Dkt. 117 at 4). As for Geico's potential liability, Baranowski points to the facts he contended supported his bad faith claim: Geico's adjuster addressed a fax tendering the policy limit to the wrong attorney; the adjuster represented to the passenger's attorney that an agreement to settle the claim had been reached when it had not been; and although Geico was aware that the passenger had agreed to a general release, it did not modify the terms of its proposed release to which the passenger objected. (Dkt. 114 at 4-5).

Considering the instructive Florida cases and the undisputed facts considered on summary judgment, there was not a "reasonable basis" for Geico to have concluded that "its exposure was nominal" such that a $1,000 proposal for settlement was justified. *See JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1294-95 (M.D. Fla. 2006).[4] I therefore find that Geico's proposal for settlement was not made in good faith. Geico's motions for attorney's fees under section 768.79 (Dkts. 97, 126) are accordingly **DENIED**.

**DONE AND ORDERED** this 5th day of August, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[4] *See also Hayes Robertson Grp., Inc. v. Cherry*, 260 So. 3d 1126, 1133 (Fla. 3d DCA 2018) (affirming denial of attorney's fees where offer was nominal, "magnitude of [possible] damages . . . [wa]s obvious from the record," and defendant "had at least some exposure"); *see also Event Services America, Inc. v. Ragusa*, 917 So. 2d 882, 884-85 (Fla. 3d DCA 2005) (affirming denial where, although there were disputed facts, "there was still a sufficient basis at the time of the offers to indicate that [the defendant] would reasonably face liability" and trial court noted its "gut response" that entitlement to attorney's fees was "not fair . . . because the issue really needed to be litigated").